[Civil No. 2555. Filed March 7, 1927.]

[253 Pac. 899.]

M. J. MORLEY, Appellant, v. A. W. DULA, Appellee.

Mr. F. L. Zimmerman, for Appellant.

Mr. Matt S. Walton and Mr. W. T. Sprowls, for Appellee.

ROSS, C. J.—The Joyland Company of Arizona, a corporation, on May 2, 1925, executed and delivered to A. W. Dula its three interest-bearing promissory notes, due in thirty, sixty and ninety days after date, the first two being for $400 each and the last for $360. On the back of each of said notes was this indorsement:

"Protest waived, M. J. Morley."

There was paid and credited on the first of said notes the sum of $145, and no more. This suit to recover the balance was brought by Dula against the Joyland Company, maker of notes, and against M. J. Morley, as indorser, and resulted in a verdict and judgment against both defendants. Only Morley appeals.

He assigns as error the order overruling his demurrer to the complaint. The complaint alleged the making of the notes by the Joyland Company:

"And, at the same time and as a part of the transaction, the defendant, M. J. Morley, indorsed on the reverse side of said note the following: 'Protest waived, M. J. Morley.' "

It is claimed this is not a sufficient allegation to bind Morley as an indorser.

Paragraph 4208 (Civil Code, 1913) of the Negotiable Instruments Act provides that a person placing his name upon an instrument otherwise than as maker, drawer or acceptor is deemed an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

We think the allegation clearly brings defendant Morley within the terms of this statute as an in-

dorser, and that the complaint was not amenable to demurrer.

The defendant also defended on the ground that he placed his name on notes after they were executed and delivered by the maker to the plaintiff, and that his signature was without any consideration. This issue was properly submitted to the jury, and the jury's verdict thereon was against him. Our inspection of the record convinces us the verdict is amply supported by the evidence.

The next assignment is that:

"The court erred in charging the jury by giving erroneous instructions."

Subdivision 4, Rule 12, of the rules of this court, provides that:

"If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state wherein the instruction complained of is erroneous in its statement of the law applicable to the case or to any particular fact or facts thereof."

The assignment does not comply with the rules. We have, however, examined the instructions and find the statement of the law as therein contained to be applicable to the facts of the case and as favorable to the defendant as he was entitled to have it.

The plaintiff has asked the court to award him damages as for a frivolous appeal. From an inspection of the record, we are satisfied the defense interposed, as well as the appeal from the judgment, were for delay only, and accordingly award damages in the sum of $100.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.